IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER NECAISE**                                                      **PLAINTIFF**

v.                                                      **CAUSE NO. 1:22-cv-100-LG-RPM**

**ASHLEY MERRYMAN MAY, et al.**
                                                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND FINDING AS MOOT DEFENDANTS' MOTIONS TO STRIKE

**BEFORE THE COURT** is the [11] Motion to Strike Affirmative Defenses, or alternatively, to Remand filed by Plaintiff, Christopher Necaise. Also before the Court are [23] [24] Motions to Strike filed by each of two groups of Defendants in this matter, directed at Plaintiff's "Memorandum Brief" in support of his Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiffs' Motion to Strike should be granted in part and denied in part. Defendants' Motions to Strike will be found moot.

### BACKGROUND

Plaintiff filed this lawsuit on December 1, 2021 in the Circuit Court of Harrison County, Mississippi. (Compl., ECF No. 1-1). Plaintiff claims that he worked as a staff attorney at the Mississippi Department of Revenue (MDOR) in Clinton, Mississippi. (*Id.* ¶ VIII). Individual defendants Christopher Graham, Jan Craig, Meg Bartlett, Ashley Merryman May, David Caldwell, and Bridgette Thomas were all employed in various positions at the Mississippi Department of Revenue during Plaintiff's employment. (*Id.*).

Plaintiff alleges that he "was a good employee that had a satisfactory work product," litigating various tax disputes, injunctions, subpoenas, foreclosures, and public records requests. (*Id.* ¶¶ VIII-IX). In November 2020, Plaintiff refused to disclose confidential taxpayer information to a party seeking the information by subpoena, pursuant to Plaintiff's reading of statutory law. (*Id.* ¶¶ X-XI). This was in conflict with the opinions of his superiors, who indicated to Plaintiff that the information should be produced. (*Id.*). Plaintiff shared his legal research with his superiors and his conclusion that releasing such information violated statute; Defendant May thereafter allegedly threatened to fire him if he did not comply with the subpoena. (*Id.* ¶ XII).

In the following email exchange, Defendants May, Caldwell and Thomas sparred with Plaintiff on his interpretation of the relevant legal authority. (*Id.* ¶ XIII). During this time, Plaintiff alleges, Defendants May, Thomas and Graham discussed the possibility of terminating him. (*Id.* ¶¶ XIV-XVI). Plaintiff claims that Defendants Bartlett and Craig also engaged in "collusion" with Defendant May to release the disputed information and discuss his termination. (*Id.* ¶¶ XVII-XVIII). On December 1, 2020, Defendant May terminated Plaintiff after the weekly attorneys' meeting with a termination notice signed by Defendant Graham. (*Id.* ¶¶ XIX-XX). Plaintiff alleges that he was not given a reason for his termination, and later correspondence proved futile. (*Id.* ¶¶ XXI-XXII).

On December 1, 2021, Plaintiff brought this lawsuit against the named Defendants, claiming violations of his federal and state rights to free speech and

due process, as well as state law claims for tortious interference with contract and employment, and a claim under *McArn v. Allied Bruce-Terminix Co, Inc.*, 626 So. 2d 603 (Miss. 1993). (*Id.* ¶¶ XXIII-XXVII).

On April 22, 2022, Defendants Christopher Graham, David Caldwell, Jan Craig, and Meg Bartlett filed their [1] Notice of Removal, citing the Court's federal question and supplemental jurisdiction under 28 U.S.C. § 1331, 1441(c), and 1367(a) in connection with Plaintiff's free speech and due process claims. (*See* Not. Removal ¶ 2, ECF No. 1). On April 28, 2022, Defendants Bartlett, Caldwell, Craig and Graham filed an [4] Answer, raising, *inter alia*, a defense "that they are immune from suit under the Eleventh Amendment." (*See* Ans. ¶ 5, ECF No. 4). A few days later, Defendants May and Thomas filed their [6] Answer, raising the same defense. (*See* Ans. ¶ 5, ECF No. 6). On May 20, 2022, Plaintiff filed a three-page [11] Motion to Strike, or Alternatively, to Remand, in which he moves the Court to strike these Eleventh Amendment defenses or to remand the action to state court for improper or defective removal. (*See* Mot. Strike, ECF No. 11).

In response, on May 24, 2022, Defendants May and Thomas filed an [12] Amended Answer and a [13] Response to the Motion. That same day, Defendants Bartlett, Caldwell, Craig, and Graham also filed an [14] Amended Answer and a [15] Response. These briefs are substantively identical and allegedly represent Defendants' withdrawal of their Eleventh Amendment immunity from suit defenses and their position that the Court maintains federal question jurisdiction. On June 22, 2022, Plaintiff filed a [22] "Memorandum Brief" in support of his original [11]

Motion. Two days later, both sets of Defendants filed substantively identical [23] [24] Motions to Strike this "Memorandum Brief," claiming that the filing is an untimely rebuttal brief and improperly raises new arguments. Plaintiff [28] [30] responded to the Motions, but Defendants did not reply. The issues are now ripe for disposition by the Court.[1]

## DISCUSSION

### I. Motion to Strike Standard

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike defenses are generally disfavored and are rarely granted. *Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (explaining that striking a portion of a pleading is a drastic remedy and that motions to strike are often used as dilatory tactics).

"Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the Courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). A Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Kaiser*, 677 F.2d at 1057. Thus,

---

[1] Plaintiff has also filed a [16] Motion for Partial Summary Judgment, but the briefing on this Motion was stayed pursuant to the [18] Order Staying Proceedings following the filing of the [11] Motion to Strike.

-4-

"[s]triking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)).

## II.     Application to Defendants' Answers

In his [11] Motion to Strike or Alternatively to Remand, Plaintiff argues that, because Defendants must "join in or consent to the removal," 28 U.S.C. § 1441(c)(2), their consent to removal waived their Eleventh Amendment immunity defenses. (Mot. Strike, at 1-2, ECF No. 9) (citing *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427, 437 (5th Cir. 2021)).  Plaintiff cites case law to the effect that consent to removal of a case to federal court thereby waives any Eleventh Amendment immunity defense, regardless of state law on the matter. (*Id.*).  Hence, Plaintiff argues that the Eleventh Amendment immunity defenses must be stricken from the parties' pleadings or else that one or more parties did not consent to the removal and the case must be remanded.  (*Id.* at 2-3).

In response, all Defendants amended their Answers to modify their Eleventh Amendment immunity defenses. (*See* Am. Answers, ECF Nos. 12, 14).  Defendants then briefly responded to the Motion, arguing that their amendments rendered the Motion to Strike moot.  (*See* Def.'s Resp. Pl.'s Mot. Strike ¶ 3, ECF Nos. 13, 15). They then stated their position that this Court has federal question jurisdiction. (*Id.* ¶ 5).  Plaintiff responded with a [22] "Memorandum Brief in Support of Motion to Strike Affirmative Defenses or Alternatively to Remand."  In this document,

Plaintiff argues that Defendants merely reworded (rather than conceded) their Eleventh Amendment immunity defense. (*See* Mem. Br. Supp. Mot. Strike, at 2, ECF No. 22). Specifically, Plaintiff points to the following paragraph in the Defendants' amended pleadings:

> Defendants plead that they are immune from liability under the Eleventh Amendment to the United States Constitution, and by the Mississippi Tort Claims Act and sovereign immunity. The Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. §11-46-1, et seq., as annotated and amended.

(Am. Answer & Defenses ¶ 5, ECF Nos. 12, 14). The original version pleaded that Defendants were "immune *from suit* under the Eleventh Amendment" (Answer & Defenses ¶ 5, ECF Nos. 4, 6) (emphasis added), which language has been modified to "immune *from liability*." (Am. Answer & Defenses ¶ 5, ECF Nos. 12, 14) (emphasis added). Plaintiff therefore reasserts his original argument that this defense is unavailable under Eleventh Amendment case law and should be stricken. (Mem. Br. Supp. Mot. Strike, at 3-4, ECF No. 22).

While Defendants did not directly respond to Plaintiff's Memorandum Brief, they did target the document with two substantially similar [23] [24] Motions to Strike. In these Motions, Defendants argue that the Memorandum Brief, even if construed as a reply, was untimely filed and improperly raises new arguments for the first time. (*See* Mots. Strike ¶¶ 8-10, ECF Nos. 23, 24). Plaintiff opposed the Motions to Strike with identical [28] [30] Responses, supported by a lengthy [31] Memorandum. (*See* Mem. Opp. Mot. Strike, ECF No. 31). In that filing, Plaintiff argues that the [22] Memorandum Brief was timely filed or else that his

dilatoriness was the result of excusable circumstances.[2] Here, the Court need not pass judgment on the propriety or timeliness of Plaintiff's "Memorandum Brief," because his original [11] Motion to Strike adequately raises the issue. The Court will dispose of the motion solely on the basis of that document and Defendants' [13] [15] Responses, rendering the [23] [24] Motions to Strike and accompanying argumentation moot.

Plaintiff is correct that a defendant's "joining the removing of this case to federal court waive[s] its Eleventh Amendment immunity." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002); *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) ("In sum, under the principles we have discussed, when Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court.") (citing *Lapides*, 535 U.S. 613); *see also Butler*, 16 F.4th at 436 ("A state's voluntary appearance in federal court, including through removal, constitutes such waiver."); *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 207 (5th Cir. 2020) (holding the same). Hence, by consenting to removal, Defendants have thereby invoked the jurisdiction of the federal court and waived the defense that they are immune from suit under the Eleventh Amendment. Plaintiff's [11] Motion to Strike is therefore granted to that extent.

---

[2] Plaintiff only briefly argues that the [22] Memorandum Brief is timely, or else excusably delayed. The majority of the document argues that various attorneys involved in this case (including his own former counsel) have engaged in "duplicitous" and other unprofessional behavior.

The next question concerns the effect, if any, of Defendants' amended pleadings. As noted, Defendants' amendments modified its "immunity from suit" defense to "immunity from liability." (Am. Answer & Defenses ¶ 5, ECF Nos. 12, 14). Indeed, the Fifth Circuit has observed "a growing body of impressive scholarly thought favoring the view that the Supreme Court has implicitly recognized that state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." *Meyers*, 410 F.3d at 254 (citing, e.g., Jonathan R. Siegel, *Waivers of State Sovereign Immunity and the Ideology of the Eleventh Amendment*, 52 DUKE L.J. 1167, 1234 (2003)). "The commentators' reading of the cases is reasonable and tends to be persuasive"; "the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, or vice versa, but that it does not require a state to do so." *Meyers*, 410 F.3d at 255.

"Thus, a state may waive its immunity from suit through removal and simultaneously retain its immunity from liability." *Zeng*, 836 F. App'x at 207. Such immunity from liability "is an issue that must be decided according to that state's law." *Meyers*, 410 F.3d at 255. Therefore, the Court will not at this time categorically strike Defendants' defense that they are "immune from liability." *See Barrett v. Miss. Dep't of Pub. Safety*, No. 3:11CV185-TSL-JMR, 2013 WL 4015094, at *3 (S.D. Miss. Aug. 6, 2013) (collecting cases upholding state defendants' sovereign immunity *from liability* notwithstanding a state's waiver of Eleventh Amendment immunity *from suit* through removal). In other words, the Court

cannot say that Defendants "cannot, as a matter of law, succeed under any circumstance" with the defense that they retain sovereign immunity from liability under Mississippi state law. *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)).[3] Plaintiff's [11] Motion to Strike that defense is therefore denied to that extent.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Motion to Strike filed by Plaintiff Christopher Necaise is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [23] Motion to Strike filed by Defendants Ashley Merryman May, the Mississippi Department of Revenue, the State of Mississippi, Bridgette Thomas, and Lamar Wilson and the [24] Motion to Strike filed by Defendants Meg Bartlett, David Caldwell, Jan Craig, and Christopher Graham are **MOOT.**

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2023.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

---

[3] Further, the Court is mindful of the procedural posture of this decision, which comes on a Rule 12(f) Motion to Strike rather than a dispositive motion, and thus the issue is whether the immunity from liability defense "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. The Court is not asked to decide the merits of any such immunities, and the question of whether Defendants maintain a viable immunity from liability with respect to the federal and state claims at issue has not been specifically briefed or decided.