IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER NECAISE**                                           **PLAINTIFF**

v.                                                     **Cause No. 1:22-cv-100-LG-RPM**

**ASHLEY MERRYMAN MAY, et al.**
                                                          **DEFENDANTS**

*consolidated with*

**CHRISTOPHER NECAISE**                                           **PLAINTIFF**

v.                                                     **CAUSE NO. 3:22-cv-213-LG-RPM**

**MISSISSIPPI DEPARTMENT OF
REVENUE, et al.**                                                     **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO CONSOLIDATE**</u>

**BEFORE THE COURT** is the [21] Motion to Consolidate filed by Defendants Ashley Merryman May, Mississippi Department of Revenue, the State of Mississippi, Bridgette Thomas, and Lamar Wilson.  The remaining Defendants, Meg Bartlett, David Caldwell, Jan Craig, and Christopher Graham, have [22] joined the Motion.  Plaintiff Christopher Necaise has filed a [26] Response in Opposition, to which Defendants did not reply.  After due consideration of the record, the parties' submissions, and the relevant law, the Court finds that the Motion should be granted.

### BACKGROUND

On December 1, 2021, Plaintiff, Christopher Necaise, filed a lawsuit in the Circuit Court of Harrison County, Mississippi, naming as Defendants Ashley Merryman May, Christopher Graham, David Caldwell, Bridgette Thomas, Jan

Craig and Meg Bartlett. On March 3, 2022, Plaintiff filed another lawsuit in the Circuit Court of Hinds County, Mississippi, naming as Defendants the above-named parties as well as the Mississippi Department of Revenue (MDOR), the State of Mississippi and Lamar Wilson. Both lawsuits are based on an alleged sequence of events leading to Plaintiff's termination as an attorney at MDOR.

On April 21, 2022, the latter case was removed to the Northern Division of the United States District Court for the Southern District of Mississippi and was assigned cause number 3:22-cv-213. On April 22, 2022, the former case was removed to the Southern District of the same Court. On June 24, 2022, in case 3:22-cv-213 in the Northern Division, Defendants May, MDOR, the State of Mississippi and Wilson filed a [21] Motion to Consolidate the two actions, citing substantial overlap in the facts, parties and claims in both cases. Plaintiff [26] opposed the Motion, arguing that the Motion should have been brought before the Southern Division, which bears the lower docket number. Later, on October 11, 2022, the Northern Division case, 3:22-cv-213, was reassigned to the undersigned, who is also assigned to the Southern Division case, 1:22-cv-100.

## DISCUSSION

Rule 42 of the Federal Rules of Civil Procedure provides that where "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Local Rule 42 elaborates:

> In civil actions consolidated under Fed. R. Civ. P. 42(a), the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. *Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date.* A dismissal of the action bearing the lower or lowest number before the hearing on a motion to consolidate will not affect the operation of this rule. The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried.

(emphasis added).

The Court has broad discretion in determining whether and to what extent to consolidate cases. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.") (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

Here, the Court will exercise its discretion and order consolidation. The two lawsuits involve virtually identical facts, claims and theories of recovery. The Court also finds that considering the cases together will enhance judicial economy and will be of benefit to the parties by minimizing overlapping discovery. Further, Plaintiff does not offer any principled reasons against consolidation. Accordingly, the Motion to Consolidate will be granted.

Although Plaintiff is correct that the "lower or lowest docket number" determines consolidation of actions within the same division, the rule clearly contemplates that actions from different divisions are consolidated based on the "earliest filing date." *See* L.U. Civ. R. 42(a). Here, the Southern Division case, 1:22-

cv-100 was filed in state court first, but the Northern Division case, 3:22-cv-213, was removed to federal court first. Although the Court cannot locate authority on the meaning of the local rule, the issue is an academic one, as both cases are assigned to the undersigned. Nevertheless, the related doctrine of the first-to-file rule contemplates that "the date of filing in state court" is "the relevant benchmark" rather than "the date on which it was removed to federal court." *See Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D. Tex. 1990). Therefore, the Court designates the Southern Division case, 1:22-cv-100, as the lead case because it was filed earlier in state court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Motion to Consolidate filed by Defendants Ashley Merryman May, Mississippi Department of Revenue, the State of Mississippi, Bridgette Thomas, and Lamar Wilson is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Civil Action No. 3:22cv213 shall be consolidated with and into Civil Action No. 1:22cv100, and that *Necaise v. May, et al.*, Civil Action No. 1:22cv100-LG-RPM shall serve as the lead case with *Necaise v. Miss. Dept. of Revenue, et al.*, Civil Action 3:22-cv-213-LG-RPM designated as a member case. All subsequent pleadings relating to these causes of action should be filed in the lead case only.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2023.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge